IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ERIC J. ELLIOTT,**                             CASE NO. 3:25 CV 2303

    Plaintiff,

    v.                                       JUDGE JAMES R. KNEPP II

**UNUM LIFE INSURANCE COMPANY
OF AMERICA, et al.,**

    Defendants.                       **ORDER**

*Pro se* Plaintiff Eric J. Elliott filed this action on October 27, 2025, against Unum Life Insurance Company of America and Vontier Employment Services, LLC, alleging Defendants violated provisions of the Employment Retirement Income Security Act of 1974 ("ERISA"). *See* Doc. 1. He seeks injunctive, declaratory, and monetary relief. *Id.* at 2–3.

Two months after filing his Complaint, Plaintiff filed a Motion for Temporary Restraining Order ("TRO") seeking to "enjoin[] the termination of Long-Term Disability (LTD) benefits by the administrator, and preserving Plaintiff's eligibility for the 60% LTD Buy-Up pending final adjudication of this matter." (Doc. 10, at 1). This one-page TRO Motion cites a "documented" ADA procedural violation, an ERISA procedural defect, and contains the conclusory assertion that the "termination of LTD benefits or denial of the 60% Buy-Up under these unresolved procedural and fiduciary contradictions would cause irreparable harm." *Id.* For the reasons set forth below, Plaintiff's Motion is denied.

Although *pro se* pleadings are entitled to liberal construction and held to less stringent standards than formal pleadings prepared by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants in federal court must still adhere to the Federal Rules of Civil Procedure.

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A TRO is an "extraordinary and drastic remedy" and should "only be awarded upon a clear showing that the plaintiff is entitled to such relief[.]" *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848–49 (6th Cir. 2017) (citations omitted). Pursuant to Federal Rule of Civil Procedure 65(b)(1)(A), a court may issue a TRO without written or oral notice to the adverse party or its attorney only if the plaintiff shows "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant[.]" Courts consider four factors in determining whether to grant or deny a temporary restraining order: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without an injunction; (3) whether granting the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting the injunction. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). Plaintiff "bears the burden of justifying such relief, including showing irreparable harm and likelihood of success." *Id.*

Plaintiff has not demonstrated entitlement to the extraordinary remedy of a TRO. The Court cannot conclude on the basis of Plaintiff's allegations alone that he is likely to succeed on the merits of his ERISA claims. Nor does the Court find Plaintiff has alleged any irreparable injury. To demonstrate irreparable harm for purposes of a TRO or preliminary injunction, a plaintiff must allege harm that is both certain and immediate, rather than speculative or theoretical, and economic losses that can be cured with money damages do not constitute irreparable harm. *See, e.g.*, *Dayton Area Chamber of Com. v. Becerra*, 696 F. Supp. 3d 440, 458–59 (S.D. Ohio 2023). The Motion's only cited support for irreparable injury is Plaintiff's own conclusory statement of such. (Doc. 10, at 1). And the Complaint describes only economic harm, which Plaintiff has not persuasively

demonstrated cannot be cured with monetary damages should he prove Defendants violated ERISA and that is he is entitled to greater long-term disability benefits than he has been provided.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Temporary Restraining Order (Doc. 10) be, and the same hereby is, DENIED.

This case may proceed to a case management conference once Defendant Vontier Employment Services has answered the Complaint. Although Plaintiff has filed some documentation related to service (Doc. 8), the record does not presently contain a return receipt signed by any person accepting delivery to evidence service of process on Defendant Vontier Employment Services via certified mail and it has not answered the Complaint. *See, e.g.*, *Harris v. Beverly Hills Car Club, Inc.*, 2025 WL 2607707, at *1 (N.D. Ohio) ("Rule 4(e) allows a plaintiff to serve the summons in any way permitted by the laws of the State where the district court is located. . . . In Ohio, a plaintiff can serve an out-of-State defendant through personal service or by requesting that the Clerk initiate mail service. When effectuating service through certified mail, service is evidenced by a return receipt signed by any person accepting delivery.") (citing Ohio R. Civ. P. 4.3(B)(1); Ohio R. Civ. P. 4.1(A)(1)(a)).

IT IS SO ORDERED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: January 6, 2026